IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| **RANDY J. GOSS,**<br><br>         **Plaintiff,**<br><br>v.<br><br>**CAROLYN W. COLVIN, Acting Commissioner of Social Security,**<br><br>         **Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 1:14-cv-0052-PMW**<br><br>**Magistrate Judge Paul M. Warner** |

Before the court is Randy J. Goss' ("Plaintiff") appeal of the Commissioner's final decision determining that Plaintiff was not entitled to Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, *see* 42 U.S.C. §§ 401-434.  On March 24, 2016, this court held a telephonic hearing on the matter.[1]  At the hearing, Plaintiff was represented by John Borsos and the Commissioner was represented by David Blower.  Before the hearing, the court carefully considered parties' briefs and the administrative record.  After considering the arguments of counsel and taking the matter under advisement, the court renders the following memorandum decision and order.

---

[1] *See* docket no. 23.

**BACKGROUND**

Plaintiff alleges disability due to various physical and mental impairments. On May 6, 2010, Plaintiff applied for DIB, alleging disability beginning on May 3, 2010.[2] Plaintiff's application was denied initially and upon reconsideration.[3] On January 10, 2011, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"),[4] and an initial hearing was held on March 1, 2012,[5] with a supplemental hearing held on July 12, 2012.[6] On September 11, 2012, the ALJ issued a written decision denying Plaintiff's claim for DIB.[7] On February 21, 2014, the Appeals Council denied Plaintiff's request for review,[8] making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 404.981, 416.1481.

On April 18, 2014, Plaintiff filed his complaint in this case, which was assigned to District Judge Clark Waddoups.[9] On May 8, 2014, Judge Waddoups referred the case to

---

[2] *See* docket no. 9, Administrative Record ("Tr. ____") 241-249.

[3] *See* Tr. 104-11, 117-19.

[4] *See* Tr. 120-121.

[5] *See* Tr. 87-103.

[6] *See* Tr. 34-86.

[7] *See* Tr. 9-33.

[8] *See* Tr. 1-6.

[9] *See* docket no. 5.

Magistrate Judge Paul M. Warner under 28 U.S.C. § 636(b)(1)(B).[10] The Commissioner filed her answer and the Administrative Record on July 15, 2014.[11]

On September 23, 2014, both parties consented to a United States Magistrate Judge conducting all proceedings in the case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[12] Consequently, the case was reassigned to Magistrate Judge Warner pursuant to 28 U.S.C. § 636(c) and rule 73 of the Federal Rules of Civil Procedure.[13] *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

Plaintiff filed his opening brief on October 6, 2014.[14] The Commissioner filed her answer brief on November 4, 2014.[15] Plaintiff filed his reply brief on November 17, 2014.[16]

## **STANDARD OF REVIEW**

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted). The Commissioner's findings, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a

---

[10] *See* docket no. 6.

[11] *See* docket nos. 7 & 9.

[12] *See* docket no. 13.

[13] *See id*.

[14] *See* docket no. 14.

[15] *See* docket no. 17.

[16] *See* docket no. 18.

reasonable mind might accept as adequate to support a conclusion.  It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted). "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted).  "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

A five-step evaluation process has been established for determining whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process).  If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed.  *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

> Step one determines whether the claimant is presently engaged in substantial gainful activity.  If [the claimant] is, disability benefits are denied.  If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits.  If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.

*Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see* 20 C.F.R. §§ 404.1520(a)(4)(i)-(ii), 416.920(a)(4)(i)-(ii).

4

"Step three determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity . . . . If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ." *Williams*, 844 F.2d at 751 (quotations and citations omitted); *see* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). At the fourth step, the claimant must show that the impairment prevents performance of his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). "If the claimant is able to perform his previous work, he is not disabled." *Williams*, 844 F.2d at 751. If, however, the claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability." *Id*.

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step." *Id*. At this step, the burden of proof shifts to the Commissioner, and the decision maker must determine "whether the claimant has the residual functional capacity [("RFC")] . . . to perform other work in the national economy in view of his age, education, and work experience." *Id*.; *see* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If it is determined that the claimant "can make an adjustment to other work," 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), he is not disabled. If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), he is disabled and entitled to benefits.

## **ANALYSIS**

In support of his claim that the Commissioner's decision should be reversed, Plaintiff argues that the ALJ erred: (1) at step two, (2) in her evaluation of the opinion of Plaintiff's treating physicians, (3) in her evaluation of Plaintiff's credibility, (4) in her assessment of

Plaintiff's RFC, and (5) at step five of the sequential evaluation process.  The court will address those arguments in turn.

### I.  Step Two

Plaintiff argues that the ALJ erred at step two of the sequential evaluation process by failing to conclude that certain of Plaintiff's alleged impairments were severe impairments. "[A]t step two, the ALJ must consider the combined effect of all of [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity [to survive step two]." *Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008) (quotations and citations omitted) (second and third alterations in original).  The Tenth Circuit has explained that any error committed in that consideration is rendered "harmless when the ALJ reache[s] the proper conclusion that [the claimant] could not be denied benefits conclusively at step two and proceed[s] to the next step of the evaluation sequence." *Id.*

In this case, the ALJ determined that Plaintiff suffered from several severe impairments. Consequently, the ALJ concluded that Plaintiff could not be denied benefits at step two and proceeded to step three of the sequential evaluation process.  Therefore, Plaintiff's argument with respect to the ALJ's step two analysis must fail.  *See id.*

### II.  Medical Opinions

Plaintiff argues that the ALJ erred her evaluation of certain medical opinions.

> In deciding how much weight to give a treating source opinion, an ALJ must first determine whether the opinion qualifies for controlling weight.  To make this determination, the ALJ . . . must first consider whether the opinion is well[ ]supported by medically acceptable clinical and laboratory diagnostic techniques.  If the answer to this question is "no," then the inquiry at this stage is complete.  If the ALJ finds that the opinion is well[ ]supported, he must then confirm that the opinion is consistent with other

> substantial evidence in the record. If the opinion is deficient in either of these respects, then it is not entitled to controlling weight.
>
> Even if a treating physician's opinion is not entitled to controlling weight, treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in [20 C.F.R. §§ 404.1527 and 416.927]. Those factors are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.
>
> Under the regulations, the agency rulings, and [Tenth Circuit] case law, an ALJ must give good reasons . . . for the weight assigned to a treating physician's opinion . . . that are sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reason for that weight. If the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so.

*Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004) (quotations and citations omitted) (sixth alteration in original); *see also* 20 C.F.R. §§ 404.1527(c), 416.927(c).

An ALJ is not required to discuss every factor set forth in the relevant regulations. *See Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir. 2007) (stating that when an ALJ does not discuss every factor, it "does not prevent this court from according his decision meaningful review"). As with other evidentiary matters, when an ALJ is considering medical opinion evidence, it is the ALJ's role to weigh and resolve evidentiary conflicts and inconsistencies. *See, e.g.*, *Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000); *Eggleston v. Bowen*, 851 F.2d 1244, 1247 (10th Cir. 1988).

Plaintiff argues that the ALJ erred in her evaluation of Plaintiff's treating physicians, Dr. Chloe Huan and Dr. Curtis Healey.  Specifically, Plaintiff argues that the ALJ "failed to go through the required process" and "failed to weigh physician opinion in accordance with well-established Tenth Circuit case law."[17]

### A.  Dr. Huan

The ALJ relied upon proper factors to support the conclusion that Dr. Huan's opinions were entitled to partial weight.  As noted above, a treating physician's opinion is not entitled to controlling weight unless it is supported by the evidence and consistent with the evidence in the record as a whole.  *See* 20 C.F.R. § 416.927(c)(2).  The ALJ observed that Dr. Huan's opinions were inconsistent with Plaintiff's testimony that he prepared meals, helped with domestic chores, and had no problems with personal hygiene.[18]  Dr. Huan opined that Plaintiff could not do any of these activities.[19]  Furthermore, the ALJ noted that Dr. Huan's opinion regarding the severity of Plaintiff's headaches was inconsistent with her treatment notes about the efficacy of nerve blocks to control his headaches.[20]  These inconsistencies render Dr. Huan's opinion less persuasive. *See* 20 C.F.R. § 404.1527(c)(4) (stating an ALJ must consider whether an opinion is consistent with the record as a whole); *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1029 (10th Cir. 1994) (holding that claimant's daily activities were a reason for rejecting treating

---

[17] Docket no. 14 at 13.

[18] *See* Tr. 24, 321-22.

[19] *See* Tr. 739.

[20] *See* Tr. 24, 617, 730.

physician's opinion that the claimant was totally disabled).  The ALJ properly concluded that these inconsistencies rendered Dr. Huan's opinion less persuasive.

For these reasons, the court concludes that the ALJ did not err in her treatment of the opinion of Dr. Huan.

### B.  Dr. Healey

The ALJ properly concluded that Dr. Healey's opinion was entitled to little weight.  The ALJ noted that Dr. Healey, whose opinion concerned Plaintiff's mental impairments, was not a mental health professional, which detracted from the reliability of the opinion.[21]  *See* 20 C.F.R. § 404.1527(c)(5) ("We generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist."); *Branum v. Barnhart*, 385 F.3d 1268, 1275 (10th Cir. 2004) (ALJ may consider whether or not the physician is a specialist in the area upon which an opinion is rendered).

The ALJ further noted that Dr. Healey's treatment notes did not support the limitations he assessed.[22]  An opinion inconsistent with an author's treatment notes may be accorded less weight.  *See*  20 C.F.R. § 404.1527(c)(3) ("The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion."); *White v. Barnhart*, 287 F.3d 903, 907-08 (10th Cir. 2002) (discrepancy between treating physician's very restrictive functional assessment and her contemporaneous examination a legitimate factor for rejecting that opinion).  In addition, the ALJ noted that Dr.

---

[21] *See* Tr. 23, 623.

[22] *See* Tr. 23.

Healey's opinion was conclusory.[23] Because the opinion did not explain its conclusions, it was less persuasive. *See* 20 C.F.R. § 404.1527(c)(3); *Raymond v. Astrue*, 621 F.3d 1269, 1272 (10th Cir. 2009) (ALJ reasonably declined to give controlling weight to a treating physician opinion which was brief, conclusory, and unsupported by objective medical findings). Thus, the ALJ properly accorded Dr. Healey's opinion less weight.

For these reasons, the court concludes that the ALJ did not err in her treatment of the opinion of Dr. Healey.

### III. Plaintiff's Credibility

Plaintiff argues that the ALJ erred in her credibility assessment. In general, "[c]redibility determinations are peculiarly the province of the finder of fact, and [this court] will not upset such determinations when supported by substantial evidence." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (quotations and citation omitted). Although credibility determinations "should be closely and affirmatively linked to substantial evidence," *id*. (quotations and citation omitted), they "do[] not require a formalistic factor-by-factor recitation of the evidence." *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

Social Security Ruling ("SSR") 96-7p clarifies the standards an ALJ must apply when evaluating the credibility of an individual's statements, including his or her allegations of pain. *See* SSR 96-7p. In addition to the objective medical evidence, an ALJ should consider the following factors when assessing the credibility of an individual's statements:

    1.    The individual's daily activities;
    2.    The location, duration, frequency, and intensity of the individual's pain or other symptoms;

---

[23] *See* Tr. 23.

>   3. Factors that precipitate and aggravate the symptoms;
>   4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;
>   5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;
>   6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
>   7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

*Id.*; *see* 20 C.F.R. §§ 404.1529(c) 416.929(c); *see also Thompson v. Sullivan*, 987 F.2d 1482, 1489 (10th Cir. 1993).

In this case, the ALJ relied upon proper factors to support her determination that Plaintiff's statements about his alleged impairments and limitations were not entirely credible.

The ALJ identified and discussed a number of different reasons for her credibility finding and cited a number of inconsistencies between the evidence in the record and Plaintiff's testimony which undermined Plaintiff's credibility. For example, Plaintiff complained of limitations related to recurring migraine headaches.[24] However, the record demonstrates that treatment effectively controlled Plaintiff's headaches for two months at a time.[25] In addition, while Plaintiff complained of disabling seizures and tremors, he had never been diagnosed with a

---

[24] *See* Tr. 44-48.

[25] *See* Tr. 730.

seizure disorder.[26] Although Plaintiff complained that frequent seizures or tremors limited his ability to perform daily activities, treatment notes show that the symptoms occurred rarely.[27]

In addition, Plaintiff complained of mental impairments, but he did not seek any kind of mental health counseling or treatment, even when advised to do so.[28] The ALJ found that the symptoms from Plaintiff's mental impairments were well-controlled with medications, notwithstanding Plaintiff's complaints to the contrary. The ALJ also noted that Plaintiff's hearing testimony was inconsistent.[29] For example, when Plaintiff addressed his tremors, he initially denied they were stress-related, but then admitted they were stress related.[30] He also gave conflicting accounts of the efficacy of his blood sugar medications.[31] Thus, the ALJ reasonably found that Plaintiff's inconsistent statements undermined his credibility.

Accordingly, this court concludes that the ALJ did not err in her determination that Plaintiff was not credible. The ALJ articulated sufficient reasoning and relied upon proper factors in determining that, overall, Plaintiff's testimony was not fully credible.

## IV. RFC

Plaintiff argues that the ALJ erred in her assessment of Plaintiff's RFC. The ALJ considered the record as a whole in determining Plaintiff's RFC. She considered the medical

---

[26] *See* Tr. 49.

[27] *See* Tr. 49-50, 730, 739.

[28] *See* Tr. 742.

[29] *See* Tr. 21.

[30] *See* Tr. 55-56.

[31] *See* Tr. 61-63.

evidence of record, Plaintiff's subjective complaints, and the opinion evidence.  After considering all of the evidence, the ALJ concluded that Plaintiff retained the RFC to perform a range of work at all exertional levels with some non-exertional limitations.[32]  The ALJ thoroughly discussed the facts and explains her reasoning.  She considered Plaintiff's impairments both severe and not severe in making her findings.  Accordingly, the court concludes that the ALJ properly determined Plaintiff's RFC.

## V.  Step Five

Finally, Plaintiff argues that the ALJ failed to meet her burden of proof at step five of the sequential process.  The court does not agree.

After determining Plaintiff's RFC and concluding that it precluded him from performing his past work, the ALJ determined whether Plaintiff retained the ability to perform other work.[33]  She relied on the testimony of a vocational expert, who testified that a person with the same limitations as Plaintiff and with the same vocational factors, could perform the light unskilled jobs of counter clerk, photo finishing, bakery worker, conveyor tender, and school bus monitor.[34]  The vocational expert testified that his testimony was consistent with the Dictionary of Occupational Titles.  None of the jobs identified by the vocational expert involved more than occasional handling, working around hazards, or anything but unskilled work.  While Plaintiff suggests that the jobs mentioned by the vocational expert were inconsistent with his determined RFC, this assertion is not supported by the DOT or any other source.  Such an argument is

---

[32] *See* Tr. 18.

[33] *See* Tr. 26-27.

[34] *See* Tr. 27.

nothing more than an attempt to have this court reweigh the evidence before the ALJ and, as such, fails as a matter of law. *See Madrid*, 447 F.3d at 790 ("In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." (quotations and citation omitted)). Accordingly, this court concludes that the ALJ met her burden of proof at step five of the sequential process.

## **CONCLUSION AND ORDER**

Based on the foregoing, the court concludes that all of Plaintiff's arguments fail. Accordingly, **IT IS HEREBY ORDERED** that the Commissioner's decision in this case is **AFFIRMED**.

**IT IS SO ORDERED**.

DATED this 19th day of April, 2016.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge